**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SIERRA CLUB,

Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and GINA McCARTHY, Administrator, United States Environmental Protection Agency,

Defendants.

Civil Action No. 10-cv-01541 (CKK)

**MEMORANDUM OPINION**
(June 14, 2016)

Plaintiff Sierra Club filed suit against Defendants, the United States Environmental Protection Agency and Gina McCarthy, Administrator (collectively, the "EPA"), seeking injunctive relief to compel the EPA to perform certain nondiscretionary duties mandated by the Clean Air Act ("the Act"). Presently before the Court are Defendants' [54] Motion to Dismiss for Lack of Jurisdiction, Plaintiff's [55] Cross Motion to Hold in Abeyance, and Plaintiff's [67] Motion for Procedural Order. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendants' [54] Motion to Dismiss for Lack of Jurisdiction, GRANTS Plaintiff's [55] Cross Motion to Hold in Abeyance, and GRANTS the relief requested by Plaintiff in its [67] Motion for Procedural Order. Specifically,

[1] The Court's consideration has focused on the following documents: Pl.'s Complaint, ECF No. [1]; Defs.' Motion to Dismiss for Lack of Jurisdiction, ECF No. [54]; Pl.'s Cross Motion to Hold in Abeyance / Response to Defs.' Motion to Dismiss for Lack of Jurisdiction, ECF Nos. [55] / [56]; Defs.' Reply in Support of Defs.' Motion to Dismiss for Lack of Jurisdiction / Opp'n to Pl.'s Cross Motion to Hold in Abeyance, ECF Nos. [57] / [58]; Pl.'s Reply in Support of Pl.'s Cross Motion to Hold in Abeyance, ECF No. [60]; Defs.' Notice of Supplemental Authority, ECF No. [65]; Pl.'s Motion for Order / Response to Defs.' Notice of Supplemental Authority, ECF Nos. [66] / [67]; Defs.' Opp'n to Pl.'s Motion for Order, ECF No. [68]; Pl.'s Reply in Support of Pl.'s Motion for Order, ECF No. [69].

the Court shall issue an Order (1) directing the EPA to file, within 45 days of this Memorandum Opinion, by no later than **July 29, 2016**, a Notice describing the agency's schedule for proposing and completing action to adopt a valid Clean Air Act "good neighbor" federal implementation plan for Texas with respect to the 1997 particulate matter ("$PM_{2.5}$") national ambient air quality standards, and to provide status reports to the Court **every 90 days thereafter**; and (2) holding Plaintiff's $PM_{2.5}$ interstate transport claim in abeyance until completion of an EPA action adopting a valid 1997 $PM_{2.5}$ good neighbor FIP for Texas, without prejudice to Sierra Club's right to move for additional relief should the EPA fail to adopt or implement an expeditious schedule on remand.

## I. BACKGROUND

The Clean Air Act states that the EPA must set national ambient air quality standards ("NAAQS") for certain air pollutants, namely particulate matter with a diameter of less than 2.5 microns—or $PM_{2.5}$. *See* 42 U.S.C. § 7409(a). If a state fails to adopt an adequate state implementation plan ("SIP") to comply with the NAAQS within three years of the promulgation of the NAAQS in question, 42 U.S.C. § 7410(a)(1), then the Administrator must promulgate its own federal implementation plan ("FIP") within two years of finding that SIP absent or inadequate, 42 U.S.C. § 7410(c)(1).

On September 14, 2010, Plaintiff Sierra Club filed a complaint against the EPA, alleging three claims under the Clean Air Act: (1) that the EPA failed to promulgate an interstate transport FIP for the State of Texas with respect to the 1997 ozone and $PM_{2.5}$ NAAQS; (2) that the EPA failed to promulgate an FIP for the State of Texas with respect to the 1997 ozone NAAQS; and (3) that the EPA failed to take final approval or disapproval action on Texas's SIP

with respect to the 1997 $PM_{2.5}$ NAAQS. *See* Complaint for Declaratory and Injunctive Relief, ECF No. [1], ¶¶ 32-40.

Soon after the filing of the Complaint, the parties reached a Partial Consent Decree, which the Court approved in 2011, resolving claims (2) and (3). *See* Order granting Partial Consent Decree, ECF No. [23]. Claim (1)—Plaintiff's interstate transport claim—is now the sole claim remaining in this case. The first half of Plaintiff's interstate transport claim—that the EPA has failed to promulgate an interstate transport FIP for the State of Texas with respect to the 1997 ozone NAAQS (Plaintiff's "ozone interstate transport claim")—is being held in abeyance, at the request of the parties, until August 31, 2016, to allow the EPA to finalize an update to the Cross-State Air Pollution Rule for the 2008 ozone NAAQS. *See* Minute Order (Feb. 19, 2016); *see also* Joint Status Report (Feb. 18, 2016), ECF No. [74]. The second half of Plaintiff's first claim—that the EPA has failed to promulgate an interstate transport FIP for the State of Texas with respect to the 1997 $PM_{2.5}$ NAAQS (Plaintiff's "$PM_{2.5}$ interstate transport claim")—is the subject of the pending motions.

As relevant to Plaintiff's $PM_{2.5}$ interstate transport claim—the EPA, on August 8, 2011, promulgated the Cross-State Air Pollution Rule ("CSAPR" or the "Rule"), which included a FIP addressing interstate transport of pollutants from Texas. *See* 76 Fed. Reg. 48,208 (Aug. 8, 2011); *see also* Complaint ¶¶ 33-34. Initially, the Rule was stayed pending review by the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") and the United States Supreme Court. *See EME Homer City Generation, L.P. v. EPA*, No. 11-1302 (D.C. Cir.), Per Curiam Order (Dec. 30, 2011), Document No. 1350421. On October 23, 2014, the D.C. Circuit, on remand from the Supreme Court, lifted the stay, and the Rule went into effect in January 2015. *See id.*, Per Curiam Order (Oct. 23, 2014), Document No. 1518738.

On July 28, 2015, the D.C. Circuit held invalid the part of the CSAPR that is relevant to Plaintiff's $PM_{2.5}$ interstate transport claim. *See EME Homer City Generation, L.P. v. E.P.A.*, 795 F.3d 118, 128-29 (D.C. Cir. 2015). In particular, the D.C. Circuit held that the sulfur dioxide ("$SO_2$") emissions budgets that the EPA had established for Texas were unlawful because they required Texas "to reduce emissions by more than the amount necessary to achieve attainment in *every* downwind State to which it is linked." *Id.* at 124 (quoting *EME Homer City v. EPA*, 134 S. Ct. 1584, 1608 (2014)) (emphasis in original). The D.C. Circuit remanded the Rule to the EPA, without vacatur, leaving the Rule in effect while the EPA remedied the issues identified by the D.C. Circuit. *See id.* at 132.

Defendants request that this Court dismiss Plaintiff's $PM_{2.5}$ interstate transport claim as moot, arguing that the EPA has fulfilled its duty to promulgate a FIP addressing interstate transport of pollutants from Texas. *See* Defs.' Notice of Supp. Authority, ECF No. [65], at 2-3; Defs.' Opp'n to Pl.'s Mot. for Procedural Order, ECF No. [68], at 3-7; *see also* Defs.' Mem. in Support of Defs.' Mot. to Dismiss, ECF No. [54-1], at 5-9. Defendants, relying on the fact that the rule promulgated by the EPA remains in effect on remand, contend that there is no longer a statutory duty left to satisfy under the Clean Air Act with respect to Plaintiff's $PM_{2.5}$ interstate transport claim. *See* Defs.' Opp'n to Pl.'s Mot. for Procedural Order, ECF No. [68], at 4.[2]

[2] Initially, Defendants argued in their Motion to Dismiss that the CSAPR promulgated by the EPA in August 2011 "fully addressed its duty to promulgate a FIP for Texas with respect to the 1997 $PM_{2.5}$ NAAQS," and that the fact that CSAPR was "subject to remaining challenges in the D.C. Circuit on remand from the Supreme Court does not change that conclusion." Defs.' Mem. in Support of Defs.' Mot. to Dismiss, ECF No. [54-1], at 7. Several months after Defendants filed that Motion to Dismiss, the D.C. Circuit held as invalid the part of the CSAPR relevant to Plaintiff's $PM_{2.5}$ interstate transport claim. Since the D.C. Circuit's decision, the parties have revised their arguments regarding Defendant's Motion to Dismiss through supplemental briefing. *See* Defs.' Notice of Supporting Authority, ECF No. [65], Pl.'s Motion for Order / Response to Defs.' Notice of Supplemental Authority, ECF Nos. [66] / [67]; Defs.' Opp'n to Pl.'s Motion for Order, ECF No. [68]; Pl.'s Reply in Support of Pl.'s Motion for Order, ECF No. [69].

Plaintiff, in response, argues that the D.C. Circuit's decision in *Homer City* "invalidated the exact action EPA relies on here to resolve Sierra Club's claim concerning the agency's outstanding nondiscretionary duty to promulgate a good neighbor FIP for Texas." Pl.'s Response to EPA's Notice of Supp. Authority, and Mot. for Procedural Order, ECF Nos. [66] / [67], at 2. Plaintiff contends that its $PM_{2.5}$ interstate transport claim is "live and unresolved, and will not become moot until EPA acts on remand to correct the specific flaws identified in *Homer City*." *Id.* at 1. Citing these arguments, Plaintiff moves this Court to enter an Order: (a) directing the EPA to notify the Court within 45 days of the agency's schedule for proposing and completing action to adopt a valid Clean Air Act "good neighbor" FIP for Texas with respect to the $PM_{2.5}$ NAAQS and to provide status reports to the Court every 90 days thereafter; and (b) holding this case in abeyance until completion of an EPA action adopting a valid 1997 $PM_{2.5}$ good neighbor FIP for Texas, without prejudice to Sierra Club's right to move for additional relief at any time should EPA fail to adopt or implement an expeditious schedule on remand. *Id.* at 1-2.[3]

## II. LEGAL STANDARD

Article III of the Constitution limits federal courts' judicial power to only live "cases" or "controversies." This requirement persists throughout the entirety of any judicial proceedings.

[3] Plaintiff initially requested that the Court hold Plaintiff's $PM_{2.5}$ interstate transport claim in abeyance by way of its [55] Cross-Motion to Hold in Abeyance, filed in response to Defendant's [54] Motion to Dismiss for Lack of Jurisdiction. As noted previously by the Court, these two motions, and the parties' briefing of said motions, occurred prior to the D.C. Circuit's decision in *Homer City*, holding as invalid the part of the CSAPR relevant to Plaintiff's $PM_{2.5}$ interstate transport claim. *See* note 2, *supra*. Since the D.C. Circuit's decision, the parties have revised their arguments through supplemental briefing. *See* Defs.' Notice of Supporting Authority, ECF No. [65], Pl.'s Motion for Order / Response to Defs.' Notice of Supplemental Authority, ECF Nos. [66] / [67]; Defs.' Opp'n to Pl.'s Motion for Order, ECF No. [68]; Pl.'s Reply in Support of Pl.'s Motion for Order, ECF No. [69].

*See Lewis v. Cont'l Bank Corp*, 494 U.S. 472, 477 (1990). Accordingly, the doctrine of mootness precludes the Court from adjudicating claims to which it cannot provide any specific relief. *See United States v. Mich. Nat'l Corp.*, 419 U.S. 1, 4 (1974).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation omitted), or when "intervening events make it impossible to grant the prevailing party effective relief," *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (citation omitted). The party claiming an issue is moot bears a "heavy" and "formidable" burden. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 176, 189, 190 (2000); *see also Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (The "heavy burden of establishing mootness lies with the party asserting a case is moot.") (citation and internal quotation marks omitted).

A defendant's voluntary cessation of unlawful conduct does not suffice to moot an issue. *See United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). Voluntary cessation of unlawful conduct can only moot a case if (1) there is no reasonable expectation that the alleged unlawful conduct will recur and (2) interim events or relief have destroyed the effects of the alleged violation. *See Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979).

## III. DISCUSSION

Defendants contend that this Court should dismiss Plaintiff's $PM_{2.5}$ interstate transport claim as moot, arguing that the EPA has fulfilled its duty to promulgate a FIP addressing interstate transport of pollutants from Texas. *See* Defs.' Notice of Supp. Authority, ECF No. [65], at 2-3; Defs.' Opp'n to Pl.'s Mot. for Procedural Order, ECF No. [68], at 3-7; Defs.' Notice of

Supp. Authority, ECF No. [65], at 2-3; *see also* Defs.' Mem. in Support of Defs.' Mot. to Dismiss, ECF No. [54-1], at 5-9. Defendants contend that the "only duty at issue is EPA's duty to promulgate an interstate transport FIP for Texas for the 1997 $PM_{2.5}$ NAAQS," and that the EPA has already performed that duty by promulgating the CSAPR. Defs.' Opp'n to Pl.'s Mot. for Procedural Order, ECF No. [68], at 4. According to Defendants, "Plaintiff has absolutely no basis to continue to press its claim given that the Rule was not vacated and will remain in effect and continue to limit emissions of $SO_2$ under the budgets provided in the Rule until EPA sets revised budgets on remand." *Id.* Defendants further contend that the "only duty remaining for EPA is action on remand in accordance with the D.C. Circuit's decision, but that duty is not before this Court." *Id.* at 5. Defendants assert that Plaintiff "may pursue a claim at some point in the future if EPA delays action on remand . . . [however], that is not the claim Plaintiff has alleged in this case and that claims is certainly not ripe now." *Id.*

Plaintiff, in response, contends that the D.C. Circuit's decision in *Homer City* "invalidated the exact action EPA relies on here to resolve Sierra Club's claim concerning the agency's outstanding nondiscretionary duty to promulgate a good neighbor FIP for Texas that satisfies section 110(a)(2)(D)(i) of the Clean Air Act with respect to the 1997 $PM_{2.5}$ NAAQS." Pl.'s Motion for Order / Response to Defs.' Notice of Supplemental Authority, ECF Nos. [66] / [67], at 2. Plaintiff cites the D.C. Circuit's finding that the $SO_2$ emissions budgets for Texas established in the CSAPR are unlawful, and argues that the D.C. Circuit "nullified the Rule as it relates to Texas, thereby necessarily leaving the agency's duty to address Sierra Club's claim in this case unfulfilled." *Id.* Plaintiff also points out that the D.C. Circuit chose not to vacate the invalid good neighbor FIPs, at least in part, because vacatur risked "substantial disruption to the trading markets that have developed around the 2014 emissions budgets." *Homer City*, 795 F.3d

at 132. Plaintiff argues that the practical result of the D.C. Circuit's remand is "no different than vacatur for purposes of determining whether EPA has satisfied its nondiscretionary FIP duty," Pl.'s Reply in Supp. of Pl.'s Mot. for Procedural Order, ECF No. [69], at 2-3. In short, Plaintiff's position is that the EPA does not have in place a valid VIP for Texas that meets the Clean Air Act's good neighbor provision and that its claim in this case is necessarily unresolved. *Id.* at 3.

Upon review of the parties' submissions, the Court finds that, in light of the unique circumstances of this case, Plaintiff's $PM_{2.5}$ interstate transport claim is not moot. At the outset, the Court observes that the EPA must meet a "heavy" burden in proving that Plaintiff's claim is moot. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). The Court may not dismiss a claim as moot unless "it can be said with assurance that there is no reasonable expectation that the violation will recur" and intervening events "have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (internal citations omitted). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Roane v. Leonhart*, 741 F.3d 147, 150 (D.C. Cir. 2014) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012)).

Here, Defendants concede that the D.C. Circuit held as "invalid" the very part of the Rule that, according to Defendants, satisfied the EPA's duty underlying Plaintiff's $PM_{2.5}$ interstate transport claim. *See* Defs.' Opp'n to Pl.'s Mot. for Procedural Order, ECF No. [68], at 3 ("The D.C. Circuit did, however, hold invalid the part of the Rule that satisfied the duty underlying Plaintiff's $PM_{2.5}$ interstate transport claim."). Defendants attempt to sidestep that concession by pointing out that the D.C. Circuit remanded the Rule to the EPA, without vacatur, leaving the Rule in effect while the EPA remedies the issues identified by the D.C. Circuit. The Court does not find Defendants' position convincing. The D.C. Circuit concluded that remand without

vacatur was the appropriate remedy for unique circumstances entirely unrelated to the rule's legality. *See Homer City*, 795 F.3d at 132 (observing that vacatur risked "substantial disruption to the trading markets that have developed around the 2014 emissions budgets"). Furthermore, the D.C. Circuit specifically warned that "remand without vacatur creates a risk that an agency may drag its feet and keep in place an *unlawful agency rule*." *Id.* (emphasis added). Accordingly, the D.C. Circuit urged the EPA "to move promptly on remand." *Id.*

In light of the foregoing, the Court finds it untenable to conclude that dismissal of Plaintiff's $PM_{2.5}$ interstate transport claim is warranted in this case, particularly where the D.C. Circuit has expressly determined that the part of the Rule underlying Plaintiff's claim is "invalid" and "unlawful." *Homer City*, 795 F.3d at 129, 132. Plaintiff still has a "concrete interest" in pursuing its $PM_{2.5}$ interstate transport claim, and in ensuring that the EPA fulfills its duty to promulgate a valid 1997 $PM_{2.5}$ good neighbor FIP for Texas. *See Roane*, 741 F.3d at 150 (quoting *Knox*, 132 S. Ct. at 2287); *see also Sierra Club v. Johnson*, 374 F. Supp. 2d 30, 32-33 (D.D.C. 2005) ("EPA's duty to act is still . . . unfulfilled, because the Court of Appeals' order vacating [the agency's action] operated to restore the *status quo ante*") (citing *U.S. Tanker Owners Comm. v. Dole,* 809 F.2d 847, 854-55 (D.C. Cir. 1987)). In short, Defendants bear a "heavy" and "formidable" burden to prove that Plaintiff's $PM_{2.5}$ interstate transport claim is moot, and the Court concludes that Defendants have not met that burden in this case. *Friends of the Earth*, 528 U.S. at 190.

Having found that Plaintiff's $PM_{2.5}$ interstate transport claim is not moot, the Court finds it appropriate to hold Plaintiff's $PM_{2.5}$ interstate transport claim in abeyance, until completion of the EPA's action adopting a valid 1997 $PM_{2.5}$ good neighbor FIP for Texas, without prejudice to Sierra Club's right to move for additional relief should EPA fail to adopt or implement an

expeditious scheduled on remand. The Court shall direct the EPA to file, within 45 days of this Memorandum Opinion, by no later than **July 29, 2016**, a Notice describing the agency's schedule for proposing and completing action to adopt a valid Clean Air Act good neighbor FIP for Texas with respect to the 1997 $PM_{2.5}$ NAAQS, and to provide status reports to the Court **every 90 days thereafter**.

## IV. CONCLUSION

For the reasons set forth above, the Court shall DENY Defendants' [54] Motion to Dismiss for Lack of Jurisdiction, GRANT Plaintiff's [55] Cross Motion to Hold in Abeyance, and GRANT the relief requested by Plaintiff in its [67] Motion for Order. Specifically, the Court shall issue an Order (1) directing the EPA to file, within 45 days of this Opinion, a Notice describing the agency's schedule for proposing and completing action to adopt a valid Clean Air Act "good neighbor" federal implementation plan ("FIP") for Texas with respect to the 1997 particulate matter ("$PM_{2.5}$") national ambient air quality standard ("NAAQS"), and to provide status reports to the Court every 90 days thereafter; and (2) holding Plaintiff's $PM_{2.5}$ interstate transport claim in abeyance until completion of EPA action adopting a valid 1997 $PM_{2.5}$ good neighbor FIP for Texas, without prejudice to Sierra Club's right to move for additional relief should EPA fail to adopt or implement an expeditious scheduled on remand.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge